IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>BRENDA ANN GRISEL,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO EXTEND DUE DATES AND TO CONTINUE JURY TRIAL OR ALTERNATIVE MOTION TO SEVER<br><br><br>Case No. 2:13-CR-717 TS<br><br>District Judge Ted Stewart |

   This matter is before the Court on Defendant Brenda Grisel's Motion to Extend Due Dates and to Continue Jury Trial or Alternative Motion to Sever. For the reasons discussed below, the Court will deny the Motion without prejudice.

## I.  BACKGROUND

   Defendant Brenda Ann Grisel, along with her co-defendants, was charged in an Indictment on October 23, 2013. The Indictment charges conspiracy to distribute a controlled substance, possession with intent to distribute and distribution of a controlled substance, and identification document fraud. Ms. Grisel is specifically charged with conspiracy to distribute oxycodone and possession of oxycodone with intent to distribute.

   Trial was initially set for January 6, 2014. The trial was continued several times until a final trial date was set for August 10, 2015. At a hearing on February 10, 2015, the Court set the trial date after hearing from all counsel and also set a motion cut-off date for April 1, 2015.

On February 11, 2015, Defendant's prior counsel filed a motion to withdraw. Counsel was allowed to withdraw on February 26, 2015, and new counsel was appointed on March 5, 2015. At that appointment hearing, the Magistrate Judge informed Defendant's newly appointed counsel that the trial date of August 10, 2015, would remain. On April 1, 2015, Defendant filed the instant Motion, seeking to extend the motion filing deadline and to continue the trial or, in the alternative, to sever her case.

## II.  DISCUSSION

The Court considers the following factors when considering a motion to continue trial:

> the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm that [the moving party] might suffer as a result of the district court's denial of the continuance.[1]

These factors are weighed according to the dictates of the case. "No single factor is determinative and the weight given to any one may vary depending on the extent of the appellant's showing on the others."[2]

Considering these factors, the Court finds that a continuance is not justified at this time. First, the Court would note that counsel for Defendant was recently appointed and there is nothing to indicate that he has not been diligent. However, the Court would also note that counsel was informed of the current trial setting when he was appointed and was told that the trial date would remain. Second, it is unclear whether granting the continuance would accomplish the purpose underlying Defendant's expressed need for the continuance. New

---

[1] *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).

[2] *West*, 828 F.2d at 1470.

counsel seeks additional time to prepare for trial and to file any necessary motions.  However, counsel has not identified any particular motions he intends to file, nor has he fully explained why he cannot be prepared for trial in the five months between his appointment and the current trial date.  Third, the Court finds that a continuance would inconvenience the government, the co-defendants, the witnesses, and the Court.  The Court set the August 10 trial with the input of all counsel and it was set as a firm date that would not be continued.  Granting Defendant's Motion would inconvenience all who planned on proceeding to trial on that date.  The final factor to consider is the need asserted for the continuance and the harm that Defendant might suffer as a result of the Court's denial of the continuance.  Defendant has asserted a need for additional time to prepare for trial.  However, Defendant makes only a generalized statement that more time is necessary and fails to explain why counsel cannot be prepared by the current trial date.

Based upon the above, the Court will deny Defendant's Motion without prejudice.  However, Defendant may seek leave of the Court to file any pretrial motions that counsel believes are necessary.  The Court will consider such requests on a case-by-case basis.  In addition, the Court is willing to entertain a renewed motion to continue closer to the trial date.  Any such motion must detail the efforts counsel has taken to prepare for trial, what actions remain, why counsel has been unable to complete these tasks, and how much additional time would be required to complete them.

In the alternative, Defendant requests a severance.  The Tenth Circuit has stated that "in a conspiracy trial it is preferred that persons charged together be tried together."[3]  For substantially

---

[3] *United States v. Scott*, 37 F.3d 1564, 1579 (10th Cir. 1994).

the same reasons set forth above, the Court finds that Defendant has failed to show that her trial should be severed from that of her co-defendants. Therefore, this request too will be denied.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Extend Due Dates and to Continue Jury Trial or Alternative Motion to Sever (Docket No. 111) is DENIED WITHOUT PREJUDICE.

DATED this 11th day of May, 2015.

BY THE COURT:

Ted Stewart
United States District Judge